UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.  CRIMINAL NO. 3:21-CR-51-KHJ-LGI

JEREMY J. ANDERSON

ORDER

Before the Court is Defendant Jeremy J. Anderson's [37] Motion for Compassionate Release. For the following reasons, the motion is denied.

I. Background

On May 25, 2021, Defendant Jeremy Anderson was charged in a two-count indictment for mail theft in violation of 18 U.S.C. § 1708 and use of an unauthorized access device in violation of 18 U.S.C. § 1029(a)(2). [3] at 1. He pleaded guilty to use of an unauthorized access device and his mail theft charge was dismissed. [25], [26], [34].

At his sentencing hearing, Anderson's lawyer sought a downward variance because of Anderson's medical condition. [33] at 5:35–5:58, 10:45–13:50. Anderson is blind in his left eye and was going blind in his right eye due to "ocular syphilis and/or toxoplasmosis" when he was sentenced. [32] ¶¶ 64–65. The Court heard from Anderson, his lawyer, and the Government about his condition. [33] at 8:54–10:00, 10:45–23:03. Although the Court was "truly sympathetic to Anderson's condition," it determined that a downward variance was not appropriate based on the sentencing factors set forth in 18 U.S.C. § 3553(a). [33] at 24:50–25:30. Instead, the Court

determined that a sentence at the higher end of the guideline range was "necessary to accomplish the goals of [§ 3553(a)]." *Id.* 25:27–25:31. So the Court sentenced Anderson to 24 months imprisonment followed by three years of supervised release. ECF, Minute Entry, December 8, 2021.

On October 18, 2022, Anderson filed his [37] Motion for Compassionate Release. He contends that there are "extraordinary and compelling reasons" to modify his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

II. Standard

The decision to grant or deny a motion for compassionate release is within the sound discretion of the district court. *Ward v. United States*, 11 F.4th 354, 360 (5th Cir. 2021) ("[M]otions for compassionate release are inherently discretionary."). The defendant bears the burden to "convince the district judge to exercise discretion to grant the motion for compassionate release . . . ." *Id.* at 361 (citation omitted).

III. Analysis

Generally, "[a] court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021). "But that [rule] is subject to a few exceptions." *Thompson*, 984 F.3d at 433. Relevant here, a court may grant a motion for compassionate release if certain criteria are met. *See id.* First, a motion for compassionate release must be filed by the Bureau of Prisons ("BOP") or by the defendant "after exhausting all BOP remedies." *United States v. Chambliss*, 948 F.3d 691, 692 (5th Cir. 2020); 18 U.S.C. § 3582(c)(1)(A). Second, a court must find that "extraordinary and compelling

reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).[1] And third, a court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent they are applicable." *Id.* § 3582(c)(1)(A).

### A. Exhaustion of BOP Remedies

A defendant can exhaust his BOP remedies by "appeal[ing] a failure of the BOP to bring a motion on the defendant's behalf" or by waiting thirty days after the BOP received the defendant's request to make a motion on his behalf. *Id.* § 3582(c)(1)(A).

Anderson submitted two requests for compassionate release to his prison warden on April 8, 2022, and May 16, 2022. [37] at 3. The warden did not respond to either request. *Id.* And Anderson moved for compassionate release on October 2, 2022—more than thirty days after the warden received his requests. *See id.* at 6. The Government does not dispute those assertions. Accordingly, Anderson adequately exhausted his administrative remedies.

### B. Extraordinary and Compelling Reasons

The Sentencing Guidelines state that "extraordinary and compelling reasons [for release] exist" if the "[t]he defendant is . . . suffering from a serious physical or mental condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A). This definition is binding when the BOP moves for compassionate release. *See United States v.*

---

[1] Other grounds for compassionate release exist, but they are not applicable here.

*Grimaldo*, No. 4:08-CR-107, 2022 WL 4126106, at *1–2 (E.D. Tex. Sept. 9, 2022) (explaining the history of 18 U.S.C. § 3582(c) and why the policy statements in U.S.S.G. § 1B1.13 are binding on district courts). But when a prisoner moves for compassionate release, a district court is not bound by U.S.S.G. § 1B1.13. *United States v. Shkambi*, 993 F.3d 388, 392–393 (5th Cir. 2021) ("[T]he text of § 1B1.13 says it only applies to 'motions of the Director of the Bureau of Prisons.'"); *Grimaldo*, 2022 WL 4126106, at *2. "Although not dispositive, the commentary to [U.S.S.G.] § 1B1.13 informs [a court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *Thompson*, 984 F.3d at 433.

Anderson contends "extraordinary and compelling reasons" exist for his release because he suffers from Behcet's Disease. [37] at 5. Anderson claims this disease has caused vision loss in his right eye; has led to developing "painful ulcers in his mouth and on his scrotum"; "causes [him] to be confined to a wheelchair or bed with pain and weakness"; and lowers his immune system, "which makes it easier to catch any infection which can cause serious injury, blindness, or death." *Id.*; [45] at 2. He also claims that, because of these symptoms, he relies on his cellmate to help take care of him. [45] at 2.

Although the Court sympathizes with Anderson's condition, it does not find that there are "extraordinary and compelling reasons" for his release. As noted above, the Court considered Anderson's condition before his sentencing. [33] at 8:54–10:00, 10:45–23:03. It found that, despite his deteriorating vision, a two-year

4

sentence was justified based on the circumstances of Anderson's case. *Id.* at 24:50–25:30. Anderson maintains that he has received an official diagnosis of Behcet's Disease and his "conditions have worsened since his incarceration," [45] at 2, but his new symptoms are not severe enough to warrant his release.

While blindness is undoubtedly a "serious physical condition," it does not necessarily "substantially diminish the ability" of Anderson to care for himself. *See* U.S.S.G. § 1B1.13 cmt. n.1. In fact, several courts have held that blindness is not an "extraordinary and compelling reason" for compassionate release. *See, e.g.*, *United States v. Chavez-Ceja*, No. 4:17-CR-30(1), 2020 WL 6688905, at *1-4 (E.D. Tex. Nov. 10, 2020); *United States v. Phillips*, No. 3:17-CR-128, 2020 WL 5514132, at *3 (S.D. Miss. Sept. 13, 2020); *United States v. Morales*, No. 4:13-CR-200(4), 2020 WL 5505904, at *4 (E.D. Tex. Sept. 11, 2020). Moreover, he has help navigating the prison, and he has received adequate medical treatment for his condition, including surgery for his right eye. [45] at 2–3, [45-1]. Anderson therefore has failed to show that "extraordinary and compelling reasons" justify his release.

    C.  Sentencing Factors

Even if Anderson's medical condition constitute an extraordinary and compelling reason under § 3582(c)(1)(A), "compassionate release is discretionary, not mandatory, and [may] be refused after weighing the sentencing factors of 18 U.S.C. § 3553(a)." *Chambliss*, 948 F.3d at 693. These factors also weigh against granting Anderson's motion.

5

Title 18 U.S.C. § 3553(a) sets forth several factors for a court to consider before sentencing a defendant. During Anderson's sentencing, the Court found the factors below particularly relevant:

> (1) The nature and circumstances of the offense and the history and characteristics of the defendant; and
>
> (2) The need for the sentence imposed:
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense
>>
>> (B) to afford adequate deterrence to criminal conduct; and
>>
>> (C) to protect the public from further crimes of the defendant.

[33] at 25:00–29:00; 18 U.S.C. § 3553(a)(1)-(2).

First, the Court emphasized the serious nature and circumstances of Anderson's offense: Anderson used a stolen credit card to accrue over $17,000 in unauthorized charges over a four-day period and then used a stolen check in a failed attempt to make a $10,000 payment on the credit card. [33] at 25:45–26:02; [32] ¶¶ 12–13. Next, the Court considered the history and characteristics of Anderson. It highlighted his extensive criminal background, including his ten prior convictions for various crimes and his pattern of violating probation. [33] at 26:03–28:30; [32] ¶¶ 33–42. It concluded that this prior conduct "shows a total lack of respect and disregard for the law." [33] at 28:31–28:36. Based on this background information, the Court determined that a sentence at the top of the Guidelines range would "reflect the seriousness of the offense," "provide just punishment for the offense,"

"provide adequate deterrence," and "protect the public from future crimes." *Id.* at 28:36–26:00.

The Court reiterates these findings in considering Anderson's Motion for Compassionate Release. The nature of Anderson's crime, his extensive criminal history, and the need to provide just punishment for his offense all weigh against granting Anderson's motion.

IV.  Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. Because Anderson has failed to show that there are "extraordinary and compelling reasons" for his release and because the sentencing factors under 18 U.S.C. § 3553(a) weigh against Anderson's release, the Court DENIES Anderson's [37] Motion for Compassionate Release.

SO ORDERED AND ADJUDGED this the 25th day of January, 2023.

s/ *Kristi H. Johnson*<br>UNITED STATES DISTRICT JUDGE